IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-30039
Conference Calendar
_____

DANNY McCRAY MATHERLY,

Plaintiff-Appellant,

versus

DONNIE R. SEAL AND ED C. DAY,

Defendants,

DONNIE SEAL,

Defendant-Appellee.

* * * * * * * * * * * * * * * * * * * *

_____

No. 95-30040
Conference Calendar
_____

DANNY McCRAY MATHERLY,

Plaintiff-Appellant,

versus

DONNIE R. SEAL AND ED C. DAY,

Defendants-Appellees.

- - - - - - - - - - -
Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 94-CV-1168 F
- - - - - - - - - - -
August 22, 1995

Before KING, JOLLY, and WIENER, Circuit Judges.

PER CURIAM:[*]

_____

   [*]   Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal

Danny M. Matherly, a prisoner in the Washington Correctional Institute, filed a complaint under 42 U.S.C. § 1983 alleging that prison guard Donnie R. Seal searched Matherly's foot locker and rifled his files.  The dismissal of this suit is the subject of case number 95-30039.  The parties agreed to proceed before a magistrate judge under 28 U.S.C. § 636(c).  The district court's findings of fact are reviewed for clear error; matters of law are reviewed de novo.  See Fed. R. Civ. P. 52; Valencia v. Wiggins, 981 F.2d 1440, 1449 (5th Cir.), cert. denied, 113 S. Ct. 2998 (1993).

The district court was correct in concluding that Matherly has no Fourth Amendment protection against an unreasonable search of his prison cell.  Hudson v. Palmer, 468 U.S. 517, 526 (1984).

Matherly did not specifically allege that anything had been removed from the files or that the inspection of the files had hampered his legal activities.  As such, Matherly has failed to state "a cognizable constitutional claim either for a denial of access to the courts or for denial of [his] right to free speech by alleging that [his] . . . legal mail was opened and inspected for contraband outside [his] presence."  Brewer v. Wilkinson, 3 F.3d 816, 825 (5th Cir. 1993) (case addressed incoming legal mail), cert. denied, 114 S. Ct. 1081 (1994).

The district court's denial of his motion to proceed on IFP is the subject of Matherly's appeal in case number 95-30040.  The

profession."  Pursuant to that Rule, the court has determined that this opinion should not be published.

district court was correct in denying IFP as moot because Matherly had already been granted IFP status.

AFFIRMED.